USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DON HADEL, REBECCA JACKSON, NICOLE WINKLER, and TANICE SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GAUCHO, LLC, SAMBA BRANDS MANAGEMENT, 7TH & BARROW LLC, AVENUE SPOON INC., SAMBODORO, LLC; SAMBA CORAL GABLES, LLC; RIVER NORTH, LLC; SAMBA VEGAS, LLC; SHIMON BOKOVZA, DANIELLE BILLERA, and MATTHEW JOHNSON,<br><br>Defendants. | No.: 15 Civ. 3706 (RLE) |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

I.  **Preliminary Approval of Settlement**

1.  Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Brian S. Schaffer ("Schaffer Decl.") and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of

Settlement and Release ("Settlement Agreement") between Plaintiffs Don Hadel, Rebecca Jackson, Nicole Winkler, and Tanice Smith ("Plaintiffs") and Defendants Gaucho, LLC; Samba Brands Management; 7th & Barrow LLC; Avenue Spoon Inc.; Sambodromo, LLC; Samba Coral Gables, LLC; River North, LLC; Samba Vegas, LLC; Shimon Bokovza; Danielle Billera; and Matthew Johnson ("Defendants"), attached to the Schaffer Decl. as Exhibit A, and "so orders" all of its terms.

2. Courts have discretion regarding the approval of a proposed class action settlement. *Flynn v. New York Dolls Gentlemen's Club*, No. 13 CIV. 6530 (PKC) (RLE), 2014 WL 4980380, at *1 (S.D.N.Y. Oct. 6, 2014) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998)); *see also Monzon v. 103W77 Partners, LLC*, Nos. 13 Civ. 5951 (AT) *et al.*, 2014 WL 6480557, at *1 (S.D.N.Y. Oct. 15, 2014). "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks." *Gonqueh v. Leros Point to Point, Inc.*, No. 14-CV-5883 (GHW), 2015 U.S. Dist. LEXIS 117166, at *2-3 (S.D.N.Y. Sept. 2, 2015) (quoting *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013)); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (while exercising its discretion, a court should be mindful of the "strong judicial policy in favor of settlements, particularly in the class action context").

3. Preliminary approval, what Plaintiffs seek here, is the first step in the settlement process. The purpose of preliminary approval is to simply allow notice to be issued to the Class and for class members to either object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input. *Flynn*,

2014 WL 4980380, at *1; *see also Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 CIV. 4216 (WHP) (RLE), 2013 WL 4734818, at *1 (S.D.N.Y. Sept. 3, 2013).

4. Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *See, e.g., Tiro v. Pub. House Invs., LLC*, Nos. 11 Civ. 7679 (CM) *et al.*, 2013 WL 2254551, at *1 (S.D.N.Y. May 22, 2013). Courts will often grant preliminary settlement approval without requiring a hearing or a court appearance. *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *3; *see also Sukhnandan*, 2013 WL 4734818, at *1 (granting preliminary approval based on the plaintiffs' memorandum of law, attorney declaration, and exhibits). "The preliminary determination of fairness 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Long v. HSBC USA Inc.*, No. 14 CIV. 6233 (HBP), 2015 WL 5444651, at *3 (S.D.N.Y. Sept. 11, 2015) (quoting *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980)).

5. "If the proposed settlement appears to fall within the range of possible approval, the court should order that the class members receive notice of the settlement." *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *3-4 (quoting *Yuzary*, 2013 WL 1832181, at *1).

6. Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See, e.g., Long*, 2015 WL 5444651 (granting preliminary approval of a pre-litigation settlement); *Sukhnandan*, 2013 WL 4734818, *1 (stating that early settlements should be encouraged when warranted); *Yuzary*, 2013 WL 1832181, at *2 (endorsing early settlement of wage and hour class action); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211 (LTS)(HP), 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (commending the

plaintiffs' attorneys for negotiating early settlement).

7.  The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate.

8.  The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

9.  Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class).

10. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) (the "Class"):

> All persons who work or have worked as a server, busser, runner, bartender, and barback for at least 15 days at the Sushi Samba restaurants in New York between May 13, 2009 through preliminary approval.

11. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are over 500 class members and, thus, joinder is impracticable. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (stating that numerosity is presumed at a level of 40 members).

13.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and class members all bring nearly identical claims arising from Defendants' alleged uniform violations of the FLSA and NYLL for failure to pay appropriate minimum wage, overtime compensation, as well as Defendants misappropriating their tips, and failing to provide proper annual wage notices and wage statements. *See Bravo v. Palm W. Corp.*, No. 14 CIV. 9193 (SN), 2015 WL 5826715, at *1 (S.D.N.Y. Sept. 30, 2015) ("Plaintiff and class members all bring nearly identical claims arising from Defendants' alleged uniform violations of the FLSA and NYLL for failure to pay appropriate minimum wage, overtime pay and spread-of-hours pay, misappropriating tips, failure to pay for uniform-related expenses, making unlawful deductions, and failing to provide proper annual wage notices and wage statements.").

14.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the basis of the class members' claims. Defendants' alleged violations of law were the result of the same company policy and pattern or practice of failing to properly compensate Plaintiffs and class members. Plaintiffs also claim the same injuries as do class members – that Defendants failed to properly pay them in accordance with the FLSA and NYLL. Accordingly, Plaintiffs satisfy the typicality requirement. *See Flynn*, 2014 WL 4980380, at *3 (typicality satisfied where the "[p]laintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims.").

15.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members' interests. *Id.*; *see also Bravo*, 2015 WL 5826715, at *3 (finding that the plaintiffs satisfied Fed. R. Civ. P. 23(a)(4) "because there is no evidence that the named Plaintiff's and Class Members' interests are at odds."). In addition,

Plaintiffs' Counsel, Fitapelli & Schaffer, LLP ("F&S"), meets Rule 23(a)(4)'s adequacy requirement. Courts have found F&S to be "experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions." *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *5 (quoting *Ryan v. Volume Servs. America, Inc.*, No. 652970/2012 (MLS), 2012 N.Y. Misc. LEXIS 932 (N.Y.Sup.Ct. Mar. 7, 2013)); *see also Sukhnandan*, 2013 WL 4734818, at *1 (listing cases).

16.  Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Plaintiffs' and class members' common factual allegations and legal theory – that Defendants violated federal and state wage and hour law – predominate over any variations among class members. *See Tiro*, 288 F.R.D. at 281 (finding the predominance standard met where the overarching issue was "whether [the] [d]efendants failed to pay their employees at each restaurant in accordance with the law"). In addition, "the class action device is superior to other methods available for a fair and efficient adjudication of the controversy" because the class device will achieve economies of scale, conserve judicial resources, preserve public confidence in the integrity of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent inconsistent adjudications of similar claims. *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *6-7 (quoting *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968)); *see also Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 617 (S.D.N.Y. 2012); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

### III.   Appointment of Plaintiffs' Counsel as Class Counsel

17.  For settlement purposes only, the Court appoints F&S as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

18. F&S has a reputation for its willingness to commit the resources required to take on large companies in litigation-intensive lawsuits. *Bravo*, 2015 WL 5826715, at *4. F&S did substantial work identifying, investigating, prosecuting and settling the claims, has substantial experience prosecuting and settling wage and hour class actions, is well-versed in wage and hour and class action law, and is well-qualified to represent the interests of the class. *See Flynn*, 2014 WL 4980380, at *4; *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *7.

19. F&S is comprised of experienced employment attorneys with a very good reputation among the employment law bar and have years of litigation experience in wage and hour matters in state and federal courts. *Bravo*, 2015 WL 5826715, at *4. As such, courts, including this Court, have found F&S to be adequate class counsel in wage and hour class and collective actions. *See, e.g., Flynn*, 2014 WL 4980380, at *4; *Sukhnandan*, 2014 WL 3778173, at *8 ("Class Counsel are experienced employment lawyers. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests."); *Long*, 2015 WL 5444651, at *9 ("[F&S] routinely represent[s] plaintiffs in employment litigation in this District and have appeared in many major FLSA and state labor law cases"); *Gonqueh*, 2015 U.S. Dist. LEXIS 117166, at *7 (appointing F&S as class counsel); *Yuzary*, 2013 WL 1832181, at *5 ("F&S is experienced in representing workers in wage and hour class actions and has served as lead counsel in numerous wage and hour class and collective actions."); *Tiro*, 2013 WL 2254551, at *3 (appointing F&S as class counsel); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835 (PAE), 2012 WL 2458172, at *2 (S.D.N.Y. June 28, 2012) (F&S has "years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 1890381, at *2 (S.D.N.Y. Mar. 12,

2012) (appointing F&S as class counsel because it "did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims"); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4212 (DAB), 2011 WL 6268216, at *3 (S.D.N.Y. Dec. 13, 2011) (appointing F&S as class counsel based on its "substantial experience prosecuting and settling employment class actions, including wage and hour class actions"); *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *2 (S.D.N.Y. Sept. 18, 2009) (appointing F&S as class counsel and finding its attorneys to be "experienced and well-qualified employment lawyers and class action lawyers" with "particular expertise in prosecuting and settling wage and hour class actions").

20. Plaintiffs' Counsel's work in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

### IV. Conditional Certification of Proposed FLSA Collective

21. Plaintiffs' Counsel also seeks approval of the Collective Notice and distribution of the Collective Notice to the members of the FLSA Collective.

22. The FLSA Collective includes all individuals employed in a Covered Position, as defined by section 1.6 of the Settlement Agreement, who were employed at the Sushi Samba restaurants located in New York, NY; Miami, FL; Coral Cables, FL; and Las Vegas, NV for at least 15 days during the period from May 13, 2012 through the date of preliminary approval.

23. "Orders authorizing notice are often referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification requirement." *Long*, 2015 WL 5444651, at *11 (citation omitted).

24. To determine whether to exercise the discretion to facilitate notice to potential plaintiffs, courts in this Circuit typically apply a two step method. *Myers v. Hertz Corp.*, 624

F.3d 537, 554–55 (2d Cir. 2010). The first step "involves the Court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred . . . [a]t the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* at 555.

25. "[T]o warrant certification as a collective action under § 216(b) of the FLSA, the plaintiff must make at least 'a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Long*, at *12 (citation omitted).

26. Here, Plaintiffs allege that they are similarly situated to proposed collective members as they have been subject to the same policies and practices allegedly in violation of the FLSA. Because the standard for conditional certification as an FLSA collective is less stringent than the standard for certification of a class action pursuant to Rule 23, *see id.* at 12, conditional certification of the FLSA collective for settlement purposes only is warranted.

V. **Notices**

27. The Court approves the proposed Notices of Proposed Class and Collective Action Settlement ("Class Notices"), which are attached as Exhibit B and C to the Schaffer Decl., and directs its distribution to the Class. The content of the Class Notices fully complies with due process and Fed. R. Civ. P. 23.

28. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the

>   definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

29. The Class Notices satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *Girault*, 2012 WL 2458172, at *3. Courts in this district have approved class notices that are very similar to those proposed by Plaintiffs. *See, e.g., id.* at *3; *Lovaglio*, 2012 WL 1890381, at *3; *Matheson*, 2011 WL 6268216, at *6-7; *O'Dell*, 2009 WL 6583142, at *3.

## VI. CLASS ACTION SETTLEMENT PROCEDURE

1. The Court hereby adopts the following settlement procedure:

   a. Within 20 days of the entry of this Order, Defendants will provide class counsel with a list in electronic form of the: (1) names, (2) position(s); (3) last known addresses, (4) location(s) worked, (5) dates of employment and (6) social security number for all putative class members (the "Class List");

   b. The claims administrator shall mail the Class Notice to all class members within 40 days of the entry of this Order;

   c. Class members will have 30 days after the date the Class Notice is mailed to opt out of or object to the settlement;

   d. Plaintiff will file a Motion for Final Approval at least 14 days prior to the fairness hearing;

   e. The Court will hold a final fairness hearing on June 30, 2016 at 10:30 a.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 11C;

   f. Plaintiffs and all class members are enjoined from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the United States and/or New York

    State Departments of Labor) regarding claims released by the parties' Settlement Agreement unless and until such class members have filed valid requests to be excluded from the settlement; and

 g. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 14th day of MARCH, 2016.

_____
Hon. Ronald L. Ellis, United States Magistrate Judge