IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DON HADEL, REBECCA JACKSON, NICOLE WINKLER, and TANICE SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GAUCHO, LLC, SAMBA BRANDS MANAGEMENT, 7TH & BARROW LLC, AVENUE SPOON INC., SAMBODORO, LLC; SAMBA CORAL GABLES, LLC; RIVER NORTH, LLC; SAMBA VEGAS, LLC; SHIMON BOKOVZA, DANIELLE BILLERA, and MATTHEW JOHNSON,<br><br>Defendants. | No.: 15 Civ. 3706 (RLE)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 6-30-16 |

### [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declaration of Brian S. Schaffer and exhibits thereto, the oral arguments presented at the June 30, 2016 Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1.  This Order incorporates by reference the definitions in the parties' Settlement Agreement and Release (the "Settlement Agreement") dated November 18, 2015, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.  This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and not a

product of collusion. *See* Fed. R. Civ. P. 23(e); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at *4 (S.D.N.Y. July 31, 2014).

3. The Court finds, for settlement purposes only, that the FLSA Class, as defined in the Settlement Agreement, satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members who are FLSA Class Members, as that term is used in the Settlement Agreement, constitute the Final FLSA Settlement Class.

4. The Court certifies the following class under Fed. R. Civ. P. 23(e) (the "Class") for settlement purposes:

> All individuals who were employed at Sushi Samba restaurants in New York as servers, runners, bartenders, and barbacks for at least 15 days during the period from May 13, 2009 through March 14, 2016,

5. For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

6. In addition, Plaintiffs' counsel meets the adequacy requirement of Rule 23(a)(4) and the Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as Class Representatives.

7. The Court grants Class Counsel's request for $791,666.67 which is 33.3% of the settlement and includes reimbursement of $4,241.94 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

8. The Court finds reasonable the service awards for the Named Plaintiffs in the amounts of $15,000 to Don Hadel, $10,000 to Rebecca Jackson, $10,000 to Nicole Winkler and

$15,000 to Tanice Smith each in recognition of the services they rendered on behalf of the class. The amounts shall be paid from the settlement fund.

9. If no party seeks reconsideration or rehearing of this Order, the "Effective Date" of the settlement will be 30 days after the Order is entered.

10. If rehearing or reconsideration of this Order is sought, the "Effective Date" of the Settlement will be after any and all avenues of rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

11. Within thirty (30) calendar days after the date Effective Date, Defendants will deposit funds sufficient to pay all Class Members' claims, any Court-approved service payments, any Court-award attorney's fees and expenses and any payment to the claims administrator.

12. The Claims Administrator will disburse settlement checks to Class Members, Court-approved attorney's fees and costs, and Court-approved service awards within forty (40) calendar days after the Effective Date.

13. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

14. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 30th day of June, 2016

　　　　　　　　　　　　　　　　　　　Hon. Ronald L. Ellis
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge